**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number (*If known*): ______ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — FuturHealth, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   FuturHealth, LLC
   FuturCo Health Technologies, Inc.
   FutureHealth

3. **Debtor's federal Employer Identification Number** (EIN) — 86-3631229

4. **Debtor's address**

   **Principal place of business**

   325 W Washington Street
   Number Street

   Suite 2944

   San Diego CA 92103
   City State ZIP Code

   San Diego
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL) — www.FuturHealth.com

Debtor FuturHealth, Inc.
Name

Case number (if known)__________

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: __________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

6 2 1 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes. District ________ When ________ (MM / DD / YYYY) Case number ________
  District ________ When ________ (MM / DD / YYYY) Case number ________

Debtor FuturHealth, Inc. Case number (*if known*)______________
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- [x] No
- [ ] Yes. Debtor ______________ Relationship ______________
  District ______________ When ______________ MM / DD / YYYY
  Case number, if known ______________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ______________
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other ______________

**Where is the property?**______________
Number Street
______________
______________ City ______ State ______ ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes. Insurance agency ______________
  Contact name ______________
  Phone ______________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| [ ] 1-49 | [ ] 1,000-5,000 | [ ] 25,001-50,000 |
| [x] 50-99 | [ ] 5,001-10,000 | [ ] 50,001-100,000 |
| [ ] 100-199 | [ ] 10,001-25,000 | [ ] More than 100,000 |
| [ ] 200-999 | | |

Debtor FuturHealth, Inc.
Name

Case number (*if known*)

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/01/2026
MM / DD / YYYY

✘ /s/ Jon Hambidge
Signature of authorized representative of debtor

Jon Hambidge
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

✘ /s/ Christopher M. Samis
Signature of attorney for debtor

Date 11/01/2026
MM / DD / YYYY

Christopher M. Samis
Printed name

Ice Miller LLP
Firm name

500 Delaware Avenue, Suite 220
Number Street

Wilmington DE 19801
City State ZIP Code

(302) 313-0600
Contact phone

christopher.samis@icemiller.com
Email address

4909 DE
Bar number State

**ACTION BY WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS**
**OF FUTURHEALTH, INC.**

As of this first day of November, 2026, the undersigned members of the board of directors (the "Board") of FuturHealth, Inc. (the "Company"), hereby consent, in accordance with the organizational documents of the Company (the "Governing Documents") and Delaware law, to the following actions and adopts the following resolutions with respect to the Company in lieu of a meeting effective as of the date hereof.

**Chapter 11 Filing**

WHEREAS, the Board, together with the Company's outside management and its outside legal, financial, and restructuring advisors, considered various restructuring alternatives available to the Company, including the filing of a petition for relief under the United States Bankruptcy Code (the "Restructuring");

WHEREAS, pursuant to the *Action by Unanimous Written Consent of the Board of Directors of FuturHealth, Inc.* dated September 18, 2026, the Board established a Special Restructuring Committee (the "Committee") and appointed Mary Schroeder (the "Independent Director") as the sole member of the Committee to assist in reviewing, analyzing, and making decisions with respect to any potential Restructuring;

WHEREAS, prior to the date hereof, the Board has met, considered presentations by the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business;

WHEREAS, the Board has had the opportunity to consult with the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has reviewed and considered: (i) the filing of a voluntary petition for relief for the Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to the Governing Documents, of the Company and the laws of the state of Delaware (the "Restructuring Matters"); (ii) the entry into the Debtor in Possession Financing Agreement (as defined below); (iii) the commencement of a sale process to sell substantially all the assets of the Company; and (iv) the retention of professionals by the Company (collectively, the "Filing Matters");

WHEREAS, the Board has had the opportunity to consult with the financial and legal advisors of the Company and review the Bankruptcy Code, and the preparation materials provided by the financial and legal advisors, and the Board recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of the Company (including considering its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed,

a voluntary petition for relief to commence a case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and any other petition for relief or recognition or other order that may be desirable under applicable law; and it is

FURTHER RESOLVED, that any officer or director of the Company, or any other person acting at the direction of any officer or director of the Company (individually, the "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, motions, chapter 11 plans, and other papers or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain relief under chapter 11 of the Bankruptcy Code, including any action necessary to maintain the ordinary course operation of the Company's business; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Signatory to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Company during the Chapter 11 Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for her prior approval; and it is

FURTHER RESOLVED, that all acts and deeds previously performed by any of the Authorized Signatories or officers of the Company before the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Company.

**Retention of Professionals**

WHEREAS, the Board has considered presentations by the financial and legal advisors of the Company regarding the retention of such financial and legal advisors by the Company.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Ice Miller LLP ("Ice Miller"), as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Ice Miller;

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Stretto, Inc. ("Stretto"), as notice, claims, and balloting agent and as administrative advisor to represent and assist such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain Stretto; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Hilco Corporate Finance, LLC ("Hilco"), as the Company's investment banker to assist the Company in connection with one or more financing, sale, or other strategic transactions involving the Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain Hilco; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Entry into Debtor-in-Possession (DIP) Financing and Provision of Adequate Protection**

NOW, BE IT RESOLVED, that it is in the best interests of the Company to enter into, and the Company will obtain benefits from, the lending transactions under that certain senior secured, debtor-in-possession term loan credit facility (the "DIP Financing" and the credit agreement related thereto together with any exhibits and schedules, collectively, the "DIP Credit Agreement") in an aggregate principal amount up to $5,000,000.00 to be entered into between the Company, as borrower, and the lender(s) from time to time party thereto (the "Lender"), subject to Bankruptcy Court approval, which is necessary and appropriate in respect of the Company's business operations and restructuring efforts; and it is

FURTHER RESOLVED, that the form, terms, and provisions of each of (a) the DIP Credit Agreement, and (b) any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, or filed in connection with the DIP Financing (together with the DIP Credit Agreement, collectively, the "DIP Financing Documents") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified, and approved; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized, empowered, and directed, with full power of delegation, of the Company, to negotiate and approve the terms, provisions of and performance of, and to prepare, execute, and deliver, the DIP Financing Documents; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lender and to authorize, execute, verify, file or deliver to the Lender all agreements, documents, and instruments required by the Lender in connection with the foregoing; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses in accordance with the terms of the DIP Financing Documents, which shall, in the Authorized Signatory's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents which shall, in the Authorized Signatory's judgment, be necessary, proper or advisable; and it is

FURTHER RESOLVED, that the Company is authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the borrowing and reborrowing of loans, guaranteeing of obligations of the Company, granting of security thereunder and the pledging of collateral; and it is

FURTHER RESOLVED, that the Authorized Signatories, in connection with the DIP Financing, are authorized, empowered, and directed to negotiate and obtain the use of DIP Financing or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of the Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case; and it is

FURTHER RESOLVED, that, to use and obtain the benefits of the DIP Financing, and in accordance with section 363 of the Bankruptcy Code, the Company is authorized to provide certain adequate protection to prepetition secured creditors, if any (the "Adequate Protection Obligations"), as documented in one or more orders of the Bankruptcy Court which authorize, among other matters, the Company to use DIP Financing and provide adequate protection to prepetition secured creditors with such changes, additions, and modifications thereto as an Authorized Signatory shall approve.

**Sale and Bidding Procedures**

NOW, BE IT RESOLVED that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, and the Company be and hereby is authorized to (i) file a motion (the "Sale Motion") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) one or more sale transactions (each, a "Sale") of all, substantially all, or a portion of the Company's assets, (b) the commencement of a marketing and sale process in the Chapter 11 Case for the Sale transactions (the "Sale Process"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Sale Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "Bidding Procedures") and (ii) commence and implement the Sale Process; and it is

FURTHER RESOLVED, that the Authorized Signatories, and any employees or agents (including counsel) designated by or directed by any Authorized Signatory, be and hereby are, authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to (i) file the Sale Motion with the Bankruptcy Court, (ii) commence and implement the Sale Process as contemplated in the Bidding Procedures, (iii) grant access to due diligence materials and other confidential information regarding the assets of the Company to participants in the Sale Process in accordance with the Bidding Procedures, and (iv) in connection with the access referenced above, negotiate and execute non-disclosure agreements between the Company and the participants in the Sale Process protecting the confidentiality of certain due diligence materials and other confidential information; and it is

**General Resolutions**

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file on behalf of the Company any and all such other agreements, documents, instruments, and/or certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses permitted under applicable law as in their good faith judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

FURTHER RESOLVED, that the Board has received sufficient notices of the actions and transactions relating to the matters contemplated by any of the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notices; and it is

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Company by any officer, director, or the Authorized Signatory of the Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to the Board for approval prior to such actions being taken; and it is

FURTHER RESOLVED, that the Authorized Signatories be, and each of them, acting alone or in any combination, hereby is authorized, on behalf of the Company, to certify to third parties with respect to the adoption of any of the foregoing resolutions in the form and substance satisfactory to them; and it is

FURTHER RESOLVED, that this Action by Written Consent shall be added to the corporate records of the Company and made a part thereof, and the undersigned further agree that the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called, and constituted pursuant to the Company's organizational documents and the applicable laws of the state of Delaware. Scanned or electronic signatures shall be acceptable as originals.

[*Signature page follows*]

IN WITNESS WHEREOF, the undersigned members of the Board have signed this Written Consent as of the date first written above.

Signed by:
Jon Hambidge
5AB74A449760438...

Jon Hambidge

Signed by:
2CB86836D36C415...

Sabrina Burgi

DocuSigned by:
CB96D1C2ED8C436...

Mary Schroeder

Debtor name FuturHealth, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known):

❑ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **FuzeRx Pharmacy LLC (Alto Pharmacy)**<br>1750 Cesar Chavez Street, Unit A<br>San Francisco, CA 94124 | P: 800-874-5881<br>F: 415-484-7058 | Trade Debt | | | | **$2,298,304.48** |
| 2 | **Foley & Lardner LLP**<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 | P: 414-271-2400<br>F: 414-297-4900 | Trade Debt | | | | **$2,223,538.82** |
| 3 | **SteadyMD, Inc.**<br>30 Maryland Plz Ste 300<br>Saint Louis, MO 63108 | P: 978-248-8069 | Trade Debt | | | | **$1,365,039.10** |
| 4 | **IntouchCX Inc.**<br>240 Kennedy Street, 2nd Floor<br>Winnipeg, MB R3C 1T1 | P: 800-530-1121<br>privacy@intouchcx.com | Trade Debt | | | | **$1,204,206.73** |
| 5 | **OpenLoop Healthcare Partners**<br>317 6th Avenue, Suite 400<br>OpenLoop Tower<br>Des Moines, IA 50309 | legal@openloophealth.com | Trade Debt | | | | **$753,576.79** |
| 6 | **Velocity Capital Group LLC**<br>PO Box 487<br>124 Grove Avenue<br>Cedarhurst, NY 11516 | P: 833-824-3863<br>info@velocitycg.com;<br>support@velocitycg.com | Unsecured MCA | D | | | **$705,941.20** |
| 7 | **The Paso Trust**<br>1693 Arbor Road<br>Paso Robles, CA 93446 | P: 949-422-0267<br>terramiapr@gmail.com | Unsecured Note | | | | **$544,383.56** |
| 8 | **VLP Law Group LLP**<br>446 Old County Rd Ste 100-114<br>Pacifica, CA 94044 | P: 650-251-4218 | Trade Debt | | | | **$404,348.50** |

Debtor FuturHealth, Inc.
Name

Case number *(if known)*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **American Express**<br>PO Box 981535<br>El Paso, TX 79998-1535 | P: 212-640-2000 | Trade Debt | | | | **$316,218.21** |
| 10 | **Cedar Advance LLC**<br>5401 Collins Avenue CU-9A.<br>Miami Beach, FL 33140 | P: 786-605-8900 | Unsecured MCA | D | | | **$290,000.00** |
| 11 | **Assembled, Inc.**<br>2525 16th St Ste 310<br>San Francisco, CA 94103 | P: 415-320-6583<br>privacy@assembled.com | Trade Debt | | | | **$231,652.50** |
| 12 | **Tiktok Ads**<br>5800 Bristol Parkway, Suite 100<br>Culver City, CA 90230 | legal@tiktok.com | Trade Debt | | | | **$229,197.77** |
| 13 | **Google**<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | P: 650-253-0000<br>F: 650-253-0001<br>legal-notices@google.com | Trade Debt | | | | **$215,634.72** |
| 14 | **Zendesk, Inc.**<br>989 Market St<br>San Francisco, CA 94103 | P: 888-851-9456<br>legal@zendesk.com | Trade Debt | | | | **$209,650.00** |
| 15 | **CareValidate Inc.**<br>4575 Webb Bridge Road Suite 4345<br>Alpharetta, GA 30005 | P: 678-661-9377 | Trade Debt | | | | **$195,802.00** |
| 16 | **Attivo Partners LLC**<br>548 Market St # 19533<br>San Francisco, CA 94104 | P: 513-655-2392 | Unsecured Note | | | | **$173,871.11** |
| 17 | **North Beam, Inc.**<br>222 North Pacific Coast Highway, Suite 2000<br>El Segundo, CA 90245 | P: 860-940-4569<br>legal@northbeam.io | Consulting Agreement | | | | **$104,000.00** |
| 18 | **Baker Tilly US, LLP**<br>4807 Innovate Lane<br>Madison, WI 53718 | P: 608-249-6622<br>F: 608-249-8532 | Trade Debt | | | | **$92,925.00** |
| 19 | **Autumn Communications**<br>335 N Maple Dr Ste 150<br>Beverly Hills, CA 90210 | P: 424-204-9044 | Trade Debt | | | | **$89,785.00** |
| 20 | **Palark GmbH**<br>Hafenbad 33<br>Ulm, BW 89073 | P: +49 731 1461 3240 | Trade Debt | | | | **$75,660.08** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FuturHealth, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-_____ (___) |

**LIST OF EQUITY HOLDERS**

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, FuturHealth, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby states that the following is a true and accurate list of equity security holders.

**Common Stock**

| Equity Holder | Address of Equity Holder | Shares |
|---|---|---|
| Corazon Capital III LP | 301 W. Grand Avenue #343<br>Chicago, IL 60654 | 71,311 |
| Daniel W. Burke | Address on file | 14,262 |
| Eric Itzkowitz | Address on file | 1,931 |
| Hambidge Family Trust | Address on file | 1,000,000 |
| Levan Enterprises, Inc. | 2638 Teresita Street<br>San Diego, CA 92104 | 4,500,000 |
| Mahoney Marketing Group, LLC | 3902 La Cresta Drive<br>San Diego, CA 92107 | 4,500,000 |

[1] The Debtor's mailing address is 325 W Washington Street Suite 2944 San Diego, CA 92103-1946, and the last four digits of the Debtor's federal tax identification number are 1229.

**Series Seed-1 Preferred Stock**

| Equity Holder | Address of Equity Holder | Shares |
|---|---|---|
| Corazon Capital III LP | 301 W. Grand Avenue #343<br>Chicago, IL 60654 | 1,536,854 |
| InterAlpen Partners - Growth Fund III, LP | 13030 Pierce Street, Suite 301<br>Omaha, NE 68144 | 889,276 |
| InterAlpen Partners Fund III (Parallel), LP | 13030 Pierce Street, Suite 301<br>Omaha, NE 68144 | 340,207 |
| Oversubscribed Ventures Fund I | 1880 Century Park E, Suite 1600<br>Los Angeles, CA 90067 | 122,948 |

**Series Seed-2 Preferred Stock**

| Equity Holder | Address of Equity Holder | Shares |
|---|---|---|
| Corazon Capital III LP | 301 W. Grand Avenue #343<br>Chicago, IL 60654 | 231,961 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FuturHealth, Inc.,[1]<br>Debtor. | Chapter 11<br>Case No. 26-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, FuturHealth, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby states that the following corporate entities own ten percent or more of the Debtor's stock:

1. Corazon Capital III LP
2. Levan Enterprises, Inc.
3. Mahoney Marketing Group, LLC

[1] The Debtor's mailing address is 325 W Washington Street Suite 2944 San Diego, CA 92103-1946, and the last four digits of the Debtor's federal tax identification number are 1229.

**Fill in this information to identify the case and this filing:**

Debtor Name FuturHealth, Inc.

United States Bankruptcy Court for the: ______________________ District of Delaware (State)

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Corporate Ownership Statement, Equity Security Holders List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/01/2026
MM / DD / YYYY

✘ /s/ Jon Hambidge
Signature of individual signing on behalf of debtor

Jon Hambidge
Printed name

Chief Executive Officer
Position or relationship to debtor